IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COREY MORRELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-CV-2982-K-BH |
| § | |
| EXPERIAN INFORMATION § | |
| SOLUTIONS, INC., § | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant's Motion for a More Definite Statement*, filed April 22, 2020 (doc. 19). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

On November 15, 2019, Corey Morrell (Plaintiff) filed this *pro se* suit in the Justice Court of Johnson County, Precinct 1, for the State of Texas, against Experian Information Solutions, Inc. (Defendant) for violation of the Fair Credit Reporting Act (FCRA) and the Texas Business and Commerce Code (TBCC). (doc. 10 at 8-11.)[2] He claims that he reported errors on his credit report to Defendant in accordance with the FCRA and TBCC. (*Id*. at 10.) Rather than "conduct a proper investigation of the disputed items by contacting the information provider and verifying the accuracy of the information on Plaintiff's credit file," as required under the FCRA and TBCC, Defendant allegedly "simply noted in [its] system that [it] had contacted the providers and verified all the information as accurate[.]" (*Id*.) Because of these errors, Plaintiff

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

has "refrain[ed] from applying for new credit or acquiring more favorable conditions on existing credit lines." (*Id.* at 11.)

On December 18, 2019, Defendant removed the case to the federal district court for the Northern District of Texas, Dallas Division, on the basis of federal question jurisdiction. (doc. 1.) After receiving several extensions of time to file an answer, on April 22, 2020, it moved for a more definite statement. (docs. 11-19.) Plaintiff did not file a response.

## II. MOTION FOR A MORE DEFINITE STATEMENT

Defendant moves for a more definite statement under Rule 12(e). (doc. 19.)

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Whether to grant a Rule 12(e) motion for more definite statement is within the court's sound discretion. *Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F.Supp.2d 648, 653–54 (N.D. Tex. 2004). Such motions are generally "disfavored" and only used to remedy "an unintelligible pleading" rather than to provide additional detail. *Davenport v. Rodriguez*, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F.Supp. 757, 763 (E.D. Pa. 1994)); *accord Travelers Indem. Co.*, 313 F.Supp.2d at 653–54. The party seeking a more definite statement has the burden to show a need for one. *See El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-CV-2294-L, 2010 WL 2697293, at *4–5 (N.D. Tex. July 8, 2010); *Austin v. Hood Cnty.*, No. 3:06-CV-1997-D, 2007 WL 631278, at *4 (N.D. Tex. Mar. 1, 2007).

A party may rely on a motion for a more definite statement to test the notice pleading

requirement of Rule 8(a). *See Turner v. Pavlicek*, 2011 WL 4458757, at * 16 (S.D. Tex. Sept. 22, 2011) (citing 5 Federal Practice and Procedure § 1203); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8 requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8. To comport with Rule 8(a), the complaint must either: "(1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999).

Here, Plaintiff unambiguously indicates that he asserts his claims under "15 U.S.C. § 1681i of the FCRA and Sec. 20.06 of the TBCC." (doc. 10 at 11.) He alleges that his credit report contained inaccurate information, that he reported that inaccurate information to Defendant, that it failed to conduct a reasonable investigation as required by the FCRA and TBCC, and that the inaccurate information "forced him to refrain from applying for new credit or acquiring more favorable conditions on existing credit lines." (*See id.* at 10-11.)

Defendant argues that Plaintiff failed to allege facts to indicate what inaccurate information it included on a consumer report and what accounts specifically contained the inaccurate information. (*See* doc. 19 at 3.) It contends that it cannot appropriately respond to Plaintiff's complaint without this information because it has executed confidential settlements in one or more cases previously brought by Plaintiff that "affect which claims Plaintiff may bring and how [Defendant] will defend them." (*See id.*) Defendant has not offered any case law to affirmatively support its arguments regarding the need for detailed account information at this stage of the pleadings, however. "While additional factual allegations might assist [Defendant] in

ultimately defending the case, such information can be obtained through discovery." *Frost v. Experian*, No. 98 CIV. 2106 JGK JCF, 1998 WL 765178, at *4 (S.D.N.Y. Nov. 2, 1998) (citing *Blizzard v. Dalton,* 876 F.Supp. 95, 100 (E.D.Va.1995)).

Although his complaint is not highly detailed, Plaintiff's complaint is not so vague or ambiguous or unintelligible that Defendant cannot reasonably prepare a response. He specifically labeled his causes of action, identified the elements, and provided facts in support of his claims. (*See* doc. 10 at 9-11.) His complaint comports with Rule 8(a) and provides adequate notice of the circumstances giving rise to his claims against Defendant for violation of the FCRA and TBCC. *See* Fed. R. Civ. P. 8(a); *see also Gen. Star Indem*, 173 F.3d at 950. The issues raised by Defendants are those that can be clarified and developed during discovery, not ones that impede its ability to form a responsive pleading. *Velazquez v. El Pollo Regio IP, LLC*, No. 3:15-CV-03170-M, 2016 WL 3669876, at *4 (N.D. Tex. July 11, 2016) (finding that while the facts in the plaintiff's complaint were not highly detailed, it was "not so vague and ambiguous" that the defendants could not reasonably prepare a response because it gave the defendant's fair notice of the alleged violations). Moreover, it is "fully aware of the credit reports [it] issued and the procedures [it] followed, [so] requiring elaboration of [Plaintiff's] factual claims is particularly unwarranted." *Frost*, 1998 WL 765178, at *4 (citing *Wheeler v. United States Postal Service,* 120 F.R.D. 487, 488 (M.D.Pa.1987)) (denying the defendant's motion for more definite statement where information concerning the nature of claims was within the defendant's knowledge). Accordingly, Defendant's motion for a more definite statement is **DENIED**.

### III.  CONCLUSION

Defendant's motion for a more definite statement is **DENIED**.

4

**SO ORDERED**, on this 20th day of January, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE